FILED

2016 JUL 13 PM 12: 40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHELLE HYRNE,
    Plaintiff,

CASE NO.: 3:16-CV-897-J-32JBT
DIVISION:

vs.

PROFESSIONAL DEBT MEDIATION, INC.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, MICHELLE HYRNE [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendant, PROFESSIONAL DEBT MEDIATION, INC. [hereinafter Defendant], and alleges:

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in that the Defendant does business in Duval County, Florida, the Plaintiff resides in Duval County, Florida and the violations occurred in Duval County, Florida.

## PARTIES

4. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and Fla Stat. § 559.55(8).

5. Defendant Professional Debt Mediation, Inc. is a collection agency operating from an address of 7948 Baymeadows Way, 2nd Floor, Jacksonville, Florida 32256 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(7).

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff allegedly incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(6), Fla. Stat., specifically from an apartment complex, Otter Run located in Atlantic Beach, Florida.

7. That debt was later transferred or assigned to the Defendant for the purpose of collection.

8. During the past year, Defendant has repeatedly telephoned the Plaintiff's mother, Rhonda Gushee, regarding the Plaintiff's alleged debt.

9. Defendant's mother, Rhonda Gushee, was not a signor to the lease and never lived at the Otter Run apartment complex. In fact, Rhonda Gushee lives 250 miles away in Sarasota, Florida.

10. Plaintiff's mother repeatedly asked the Defendant to stop calling her home and explained that the calls were upsetting. Plaintiff's mother explained that she did not owe any debt to the Defendant or Otter Run and that her daughter did not live with her. However, the Defendant ignored the request and continued to constantly telephone and harass Plaintiff's mother.

11. On June 24, 2016, the Plaintiff telephoned the Defendant and asked its agent why her mother was being called. Defendant's agent struggled to come up with an explanation and could only state that the Plaintiff wasn't answering their calls so they called her mother.

12. The Defendant did not telephone for location information but for no other reason than to bully and embarrass the Plaintiff into paying the alleged debt.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### COUNT ONE:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

15. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another party.

16. The foregoing acts and omissions of Defendant and their agents by refusing to stop contacting the Plaintiff's mother constitute numerous and multiple violations of the FDCPA including but not limited to:

   a. § 1692 b(1) failed to identify themselves or failed to state that collector is confirming or correcting location information;

   b. § 1692 b(3) contacting a third party more than once;

   c. 1692 d any conduct the natural consequence of which is to harass, oppress or abuse any person;

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference paragraphs 6-14 of this Complaint as though fully stated herein.

18. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

19. By continuing to telephone Plaintiff's mother after being on notice that the telephone calls were distressing to Plaintiff's mother, the Defendant has violated the FCCPA by:

   a. …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

20. As a direct and proximate result of Defendant's action, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear,

embarrassment, damage to her reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

21.     Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 13th day of July, 2016.

MAX STORY, P.A.

_____
MAX STORY, ESQ.
Florida Bar No. 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@maxstorylaw.com
Attorney for Plaintiff